UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIRECTV, INC.,

    Plaintiff,

v.                                        CASE NO.: 8:03-CV-882-T-17MAP

RONALD DACKEN,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

When the parties advised the district judge they had settled the case at mediation, the Court administratively closed the matter with prejudice with a finite period for the parties to move to reopen the matter if necessary. Long after that time expired, the Plaintiff filed the instant motion to reopen the case and enforce the settlement agreement it says it reached with the Defendant during the mediation (doc. 40).[1] Essentially, the Plaintiff contends this Court should enforce the parties' oral settlement agreement even though the parties never agreed on terms and never executed a written agreement. The Defendant opposes the motion (doc. 42). After hearing testimony and considering the parties' memoranda and oral arguments, I find the Plaintiff has not shown excusable neglect for failing to timely file its motion to reopen. I also find even if the case were to be reopened there was no meeting of the minds as to the material terms of the settlement agreement; hence there is no agreement to enforce. Accordingly, I recommend the Plaintiff's motion be denied.

---

[1] United States District Judge Elizabeth A. Kovachevich referred this matter to me pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b). (doc. 44)

*A. Background*

At their mediation conference on May 13, 2005, the parties conceived a basic framework to settle the case but did not reduce the specific terms of the agreement to a writing. Instead, Plaintiff agreed to submit written settlement terms at a later date. Advised about the purported settlement, the Court issued an order the next day administratively closing the case with prejudice unless the parties moved to reopen the case by June 30, 2004. For the next five months, the parties exchanged settlement letters; none covered all the material terms of the settlement discussed at the mediation. Seven months after the June 30 deadline, the Plaintiff finally moved to reopen the case and enforce the "settlement agreement." But just what the agreement was is in doubt. While the parties had agreed to a base amount of damages with a single payment to be followed by monthly amounts, many material details were left open or not reached at the conference.

Notably, the Plaintiff did not offer any testimony at the hearing to prove the material terms of the bargain. Instead, it submitted four letters, all correspondence between counsel for Plaintiff and counsel for Defendant. These letters simply reflect the dissatisfaction with Plaintiff's version of the settlement agreement or efforts to propose resolutions to the issues raised. But even these revisions missed important and material terms demanded by the Defendant at the mediation. The Defendant credibly testified that he had insisted on a provision that would allow him some flexibility in making payment if he was out of work. A union carpenter, the Defendant contemplated there might be occasions when he had no construction projects available. Additionally, he demanded a a full release from all claims in light of Plaintiff's proposed Amended Complaint adding a separate claim. As the

Defendant pointed out, the settlement agreement Plaintiff drafted included only a partial release and also contained a breach penalty provision that Defendant did not recall agreeing upon at the mediation conference. Indeed, one of the versions Plaintiff submitted called for the Defendant's wife to be a party to the settlement contract. The Plaintiff, however, had never named the Defendant's wife as a party in the lawsuit.

### B. Discussion

#### 1. reopening inappropriate

Local Rule 3.08(b) allows a party to move for reopening of a case within sixty days of dismissal or within the time set by the Court.[2] The district judge administratively closed this case on May 14, 2004, by written order explicitly stating:

> this cause of action shall be **administratively closed** and the parties shall have up to and including June 30, 2004, in which to dismiss the cause of action. **FAILURE TO REOPEN THIS CAUSE, FILE THE APPROPRIATE DOCUMENTS TO DISMISS THE ACTION, OR TO SEEK AN EXTENSION OF TIME TO DO SAME IN THE STATED TIME PERIOD WILL RESULT IN A DISMISSAL, WITH PREJUDICE, BASED ON THE PREVIOUSLY ANNOUNCED SETTLEMENT."  (bold in original)

Despite this plain admonition, the Plaintiff waited until January 21, 2005, to file its motion to reopen. It justifies its untimeliness on excusable neglect. In summary, it asserts the parties acted in good faith up to and beyond the deadline to reach a settlement. Besides, failure to reopen the case would set a precedent for rewarding dilatory defendants who stretch negotiations beyond the enunciated deadline. In making these claims against this

---

[2] Local rule 3.08(b) provides: "When notified that a case has been settled and for purposes of administratively closing the file, the Court may order that a case be dismissed subject to the right of any party to move the Court within sixty (60) days thereafter (or within such other period of time as the Court may specify) for the purpose of entering a stipulated form of final order or judgment; or, on good cause shown, to reopen the case for further proceedings."

factual record, the Plaintiff avoids the obvious dilemma it thrusts upon the Court – which one of proposed settlement agreements is the real deal. Frankly, Plaintiff's arguments are unpersuasive.

Determining excusable neglect is "at bottom" an equitable decision that takes into account of all relevant circumstances surrounding the party's omission. *Walter v. Blue Cross & Blue Shield United of Wisconsin*, 181 F.3d 1198, 1201 (11th Cir. 1999) quoting *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993). Four factors guide the analysis: "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

Admittedly, both sides worked in good faith toward a hopeful settlement, but that alone does not support a finding of excusable neglect. To justify this promotes a policy that allows parties to announce settlement and then leisurely explore the specific terms thereby avoiding case-management deadlines or trial dates. In short, the local rule imposes a salutary goal – administrative finality to a case. The Court, in order to effectively manage its time and caseload, should be able to earnestly rely on the parties' announcement of settlement. If unforseen events arise, the parties are obligated to bring the matter promptly to the Court's attention. The Court allotted forty-five days, substantial time for the litigants to work out their differences. Here, as evidenced by its own exhibits, Plaintiff's counsel knew the parties had not agreed on material terms. And, irrespective of Plaintiff's view of the materiality of the differences between the parties, the Defendant's demands were not

insignificant. In fact, Defendant justifiably considered them critical to the deal. Accordingly, after considering the four *Pioneer* factors and taking into account of all relevant circumstances surrounding Plaintiff's delay in seeking to reopen the case, I find the delay cannot constitute excusable neglect and reopening the case is improper. *See generally Advanced Estimating System, Inc. v. Riney*, 130 F.3d 996, 999 (11th Cir. 1997) (finding that a lawyer's failure to timely file a notice of appeal due to his failure to review or appreciate the relevant rule did not constitute excusable neglect); *Neuberg v. Michael Reese Hospital Foundation*, 123 F.3d 951, 954 (7th Cir. 1997) (Plaintiffs' motion to vacate dismissal order filed twenty-one months after its entry was not brought within a reasonable time where Plaintiffs knew almost from beginning they would be unable to consummate settlement agreement).

    *2. settlement agreement unenforceable*

Under Florida law, settlement agreements are interpreted and governed by the law of contracts. A party seeking a judgment based on compromise and settlement has the burden of establishing assent by the opposing party. The agreement must be sufficiently specific and mutually agreeable as to every essential element, although uncertainty as to nonessential or small items will not preclude a finding of enforceability. *Williams v. Ingram*, 605 So. 2d 890, 892 (Fla. 1st DCA 1992). Additionally, preliminary negotiations or tentative and incomplete agreements will not establish a sufficient meeting of the minds to create an enforceable settlement agreement. *Id citing Goff v. Indian Lake Estates, Inc.,* 178 So. 2d 910 (Fla 2d DCA 1965). Plaintiff, for the reasons already outlined above, has not shown the parties had the required meeting of the minds. Accordingly, even if the case was reopened,

I find the agreement unenforceable.[3]  It is hereby

RECOMMENDED:

1.     Plaintiff's motion to enforce settlement agreement and reopen the case be DENIED.

IT IS SO REPORTED in chambers at Tampa, Florida on this 8th day of April, 2005.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. §636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).

Cc:    Honorable Elizabeth A. Kovachevich

---

[3] Even assuming, however, that an enforceable settlement agreement existed, it is questionable whether the Court possesses subject matter jurisdiction.  An action to enforce a settlement agreement is merely a claim for breach of contract, and thus "enforcement of a settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 382 (1994) (the Court's ancillary jurisdiction is proper only when the dismissal order specifically retains jurisdiction or incorporates the terms of the agreement).  As in *Kokkonen,* Plaintiff failed to assert an independent basis for federal jurisdiction and the motion to enforce settlement should be denied.